*The final accounting in the Estate of* ABNER L. SLOCUM.

CONSTRUCTION of a trust, which was for the support, &c., of a widow and minor children, until remarriage or majority, but which changed its character on the widow's remarriage.

As the widow has married again, she is entitled under the will only to the interest of the income of one-third of the residuum. The executors are to invest the income of this third, and pay her the interest of the amounts invested. This one-third of the residuum is not otherwise bequeathed by the will.

The executors have a trust for the benefit of the infants, in the other two-thirds of the residuum, for the income of which they are responsible.

J. B. AITKEN, *Special Guardian for Infants.*

THE SURROGATE. The testator left a widow and two children, still minors; the only question submitted on this accounting arises under the following clauses of the will.

Third. I order and direct my executors, hereinafter named, to take possession and charge of all my real estate and personal estate (except what I have hereinbefore given and bequeathed), and to rent out said real estate and invest said personal estate, and after deducting from the rents, income, profits and interest thereof, all taxes, assessments, insurance, repairs and other necessary expenses, to pay over the balance thereof unto my said wife for her support, and also for the support, education and maintenance of my children, so long as my said wife remains my widow, or until my eldest child arrives at lawful age; when, upon said child arriving at lawful age, I order and direct my executors to convey unto said child the one-third part of my said real and personal estate, and to pay over the rents, income and profits of the remaining two-third parts of my said real and personal estate for the support of my said wife, and for the support, education and maintenance of my youngest child, during the widowhood of my said wife, or until my youngest child arrives at lawful age; when, upon said child arriving at lawful

age, I order and direct my executors to convey to said child one other third part of my said real and personal estate; and unto my said wife, if she at that time remains my widow, the remaining third part thereof.

Fourth. In case of the marriage of my said wife during the infancy of my children, or either of them, I order and direct my executors to pay over the share or proportion of my children of the rents, income and profits of my said real and personal estate, for and towards the support, education and maintenance of my said children, and to invest the balance at interest, and pay the interest thereof to my said wife, and upon her death to pay over the sum so invested to my children in equal payments. * * *

Sixth. What I have given to my said wife is in full, and in lieu and bar, of her dower in my said real and personal estate.

The widow of the testator accepted the bequest and trust in her favor, in lieu of dower; and, pending the minority of her children, she has married again. The question is, how, and how far does the fourth clause of the will, which provides for this event of her remarriage, change the duty of the executors with respect to the application of the trust fund, during her life?

It appears to have been the intent of the testator that in the event of his widow's remarrying, the trust which he had established for her benefit and that of his minor children should change its character. While she should remain unmarried, and they minors, she was to have all the net income for her support and for their support, education and maintenance. If she should remarry, as she has done, during their minority, an entirely different disposition was made. Then it becomes the duty of the executors, acting as trustees, to divide the net income into three parts. One of these is to be " paid over " for and towards the support, education and maintenance of each child. The remaining third of the income is to be

invested at interest, and that interest to be paid to the widow during her life, the sum capitalized to go to the children on her death. It is not the principal, but the income of one-third that is to be so invested.

As each child arrives at age, the third part of the principal of the trust fund is to be conveyed to him. Two-thirds of the trust fund will thus be disposed of. There is no disposition made by the will of the third part of the principal of the trust fund, the income of which third part only is to be capitalized during the widow's life.

It seems to me that the fourth clause, in directing the executors "to pay over for and towards the support," &c., of the minors, establishes a trust in them for the support, education and maintenance of these minors. They are to be responsible for the payments made by this authority from the time of the widow's remarriage, after which time the payment of the whole income to her, under the third section, was no longer required of them.